# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK A. SMITH, | CASE NO. 1:10-cv-01676-AWI-BAM PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM |
| v. | |
| COALINGA STATE HOSPITAL, | (ECF No. 1) |
| Defendant. | THIRTY-DAY DEADLINE |

**I.    Screening Requirement**

Plaintiff Mark A. Smith ("Plaintiff") is a civil detainee proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Currently before the Court is the complaint, filed September 7, 2010. (ECF No. 1.)

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555 (2007)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

relief that is plausible on its face.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 570). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 129 S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S. Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 129 S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

**II.    Discussion**

Plaintiff brings this action against Defendant Coalinga State Hospital ("CSH") alleging that, although smoking is banned, people continue to smoke and exposure to the second hand smoke endangers his health and well-being. Plaintiff seeks injunctive relief directing CSH to stop illegal smoking in the institution or alternatively to immediately release him from confinement.

Initially, "[t]he Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities." Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007). Plaintiff may seek prospective relief from state officials in their official capacities where a "'policy or custom' . . . played a part in the violation of federal law." McRorie, 795 F.2d at 783 (quoting Kentucky v. Graham, 473 U.S. 159, 166, 105 S. Ct. 3099, 3105 (1985). Plaintiff has failed to state a cognizable claim, as Defendant CSH is an agency of the

1    state and immune from suit.  Plaintiff will be granted leave to file an amended complaint to cure the
2    deficiencies describes in this order.  The legal standards that apply to Plaintiff's claim are set forth
3    below.

4          Civilly detained individuals must be afforded more considerate treatment than that afforded
5    pretrial detainees or convicted criminals.  Jones v. Blanas, 393 F.3d 918, 931-32 (9th Cir. 2004).
6    Plaintiff's right to constitutionally adequate conditions of confinement is protected by the substantive
7    component of the Due Process Clause.  Youngberg v. Romero, 457 U.S. 307, 315, 102 S. Ct. 2452
8    (1982).  At a bare minimum, the conditions that Plaintiff is subjected to cannot amount to
9    punishment.  Jones. 393 F.3d at 932.  A condition is punitive where it is intended to punish or is
10   excessive in relation to its non-punitive purpose.  Jones, 393 F.3d at 933-34.

11         A determination of whether Plaintiff's rights were violated requires "balancing of his liberty
12   interests against the relevant state interests."  Youngberg, 457 U.S. at 321.  Plaintiff is entitled to
13   "more considerate treatment and conditions of confinement than criminals whose conditions of
14   confinement are designed to punish," but the Constitution requires only that courts ensure that
15   professional judgment was exercised. Id. at 321-22.  While Courts have found situations where the
16   Eighth Amendment has been violated by exposure to second hand smoke, Plaintiff's allegations that
17   people smoke in public places fails to allege more than occasional exposure that is insufficient to
18   state a cognizable claim, even under the more lenient Fourteenth Amendment standard.

19         Finally, government officials may not be held liable for the actions of their subordinates
20   under a theory of *respondeat superior*.  Iqbal, 129 S. Ct. at 1948.  Since a government official cannot
21   be held liable under a theory of vicarious liability for section 1983 actions, Plaintiff must plead that
22   the official has violated the Constitution through his own individual actions.  Id. at 1948.  In other
23   words, to state a claim for relief under section 1983, Plaintiff must link each named defendant with
24   some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

25   **III.    Conclusion and Order**

26       For the reasons stated, Plaintiff's complaint does not state a cognizable claim for relief for
27   a violation of his constitutional rights.  Plaintiff is granted leave to file an amended complaint within
28   thirty days.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the

3

nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal, 129 S. Ct. at 1948-49. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Plaintiff's complaint, filed September 7, 2009, is dismissed for failure to state a claim upon which relief may be granted under section 1983;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and
4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated: **November 30, 2011**         /s/ **Barbara A. McAuliffe**
                                     UNITED STATES MAGISTRATE JUDGE